UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DONNIE RAY O'NEAL, JR.,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

Defendants.

_________________________________/

CASE NO. 1:09-cv-01552-MJS (PC)

ORDER DENYING MISCELLANEOUS MOTIONS

(ECF Nos. 10, 12, & 14)

**ORDER**

## I. PROCEDURAL HISTORY

Plaintiff Donnie Ray O'Neal, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his Complaint on September 2, 2009. (ECF No. 1.) He consented to Magistrate Judge jurisdiction on October 8, 2009. (ECF No. 6.) No other parties have appeared in this action. The Court has not yet screened Plaintiff's Complaint.

Plaintiff now has two motions pending before the Court: a Motion to Compel; a

Motion for Immediate Injunction; and a Motion for Reconsideration. (ECF Nos. 10, 12, & 14.) The Court will address each in turn.

## II. MOTION TO COMPEL

On March 9, 2010, Plaintiff filed a Motion to Compel Defendants to Respond to Original Medical Complaint. In the Motion, Plaintiff requests that the Court order the medical healthcare department at Corcoran State Prison to respond to the medical complaint he filed in February 2009 and which remained unanswered as of the date of Plaintiff's motion. The lack of response as of March 2010 is documented in attachments to the Motion, but one attachment states that a response was due by April 2010. (ECF No. 10, p. 14.) Instead of waiting, Plaintiff filed this Motion to Compel in March.

To the extent Plaintiff intended this as a motion to compel, it is premature. As of this date, the Court has not yet screened Plaintiff's Complaint, authorized service of it, or authorized discovery. The Court can not compel discovery when discovery has not yet begun.

This Motion may be treated as a request for injunctive relief, i.e., a request for an order directing Defendant's to follow prison guidelines and answer his grievance. However, at this stage in the proceedings, Plaintiff fails to meet the legal prerequisites for injunctive relief. To succeed on such a motion, he must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Plaintiff has not met all of these prerequisites. While it may well be that Plaintiff will be able to show entitlement to a response to his medical complaint, he has not shown irreparable injury from a delay in the response or that the equities or public interest dictate a more

immediate response. Accordingly, this portion of Plaintiff's motion must be DENIED.

**III. MOTION FOR INJUNCTION**

On May 19, 2010, Plaintiff filed a Motion for Immediate Injunction against Defendants California Department of Corrections and Enenmoh seeking the reinstatement of a pain management regimen and a special diet. Plaintiff states that he had been on pain management for the previous four or five years and on special high fiber diet for chronic diverticulosis and I.B.S., but that Defendant Enenmoh stopped both in retaliation against Plaintiff. These actions caused Plaintiff to suffer unnecessary pain.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and, in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's

case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998).

The standard for a permanent injunction is essentially the same as for a preliminary injunction, with the exception that the plaintiff must show actual success, rather than a likelihood of success. See Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 546 n. 12 (1987). However, the Ninth Circuit has recently revived the "serious questions" sliding scale test, and ruled that a preliminary injunction may be appropriate when a plaintiff demonstrates serious questions going to the merits and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1052-53 (9th Cir. 2010).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Moreover, where "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." Committee of Central American Refugees v. I.N.S., 795 F.2d 1434, 1441 (9th Cir. 1986) (quoting Martin v. International Olympic Committee, 740 F.2d 670, 675 (9th Cir. 1984)).

Plaintiff has not met the above-enumerated prerequisites for injunctive relieve here

either. The Court will assume that Plaintiff's asserted ongoing pain constitutes irreparable harm. Plaintiff does not address the balance of equities or the public interest components, but the Court sees little unfairness to the Defendant or adverse effect to the public in providing Plaintiff pain medication . The deficiency here arises from Plainitiff's failure to argue, much less demonstrate, that he will succeed on the merits of his case. In fact, Plaintiff provides little enlightenment regarding his underlying claims. He does not state what he means by "pain management", why pain management is necessary, why it has been stopped, or what his diet was or what it has been changed to. He alleges the changes were motivated by retaliation, but does not state how or why he believes this to be true. Most significantly, the Court has no way of devining from the information available at this stage of the proceedings whether Plaintiff is being denied necessary and reasonably available medical care or whether he simply disagrees with the treating physicians as to an appropriate course of treatment.

Based on the foregoing, the Court ORDERS that Plaintiff's Motion for a Immediate Injunction be DENIED at this time. If as the case proceed,Plaintiff feels that he can meet the legal standards described herein, the Court will consider a renewed request.

## IV. MOTION FOR RECONSIDERATION

Also on May 19, 2010, Plaintiff filed a Motion to Reconsider Motion for Appointment of Counsel. In support of his request, he states that his case is complex, that he has other inmates help him with his pleadings, that he is a mental health patient on medication for manic depression, that he often expresses a wish to "lay down" due to the retaliation against him by Defendants, and that he is suffering pain and cruel and unusual punishment.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). The Local Rules provide that when filing a motion for reconsideration, a party show, among other things, "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j)(3).

Plaintiff has requested appointment of counsel twice in this case with the exact same motion and has been denied each time. (ECF Nos. 8, 9, 13, & 15.) In this Motion to Reconsider, Plaintiff has not raised any new or different facts nor does he state any other grounds to sustain the motion.

The Court reiterates that it has not found in this case the exceptional circumstances which might justify appointment of counsel.[1] Moreover, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. In the event the Court finds that the Complaint states a cognizable claim, the Court may entertain such request.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Compel is DENIED;

2. Plaintiff's Motion for Injunction is DENIED; and

[1] Plaintiff does not have a constitutional right to appointed counsel in this action; however, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (Internal quotations and citations omitted).

3. Plaintiff's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated: January 10, 2011

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE