# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE RAY O'NEAL, JR., | CASE NO. 1:09-cv-01552-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendants. | |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

On September 2, 2009, Plaintiff Donnie Ray O'Neal, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 6.) Plaintiff's Complaint is now before the Court for screening.

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III. SUMMARY OF COMPLAINT

The Complaint names the following individuals as Defendants in this action: (1) Director, California Department of Corrections (CDC); (2) K. Allison, Warden, California State Prison, Corcoran (Corcoran); (3) A. Enenmoh, Chief Medical Officer (CMO), Corcoran; (4) T. Byers, Physicians Assistant, Corcoran; (5) M. Crum, Health Care Appeals Coordinator, Corcoran; (6) G. Miller, Health Care Appeals Coordinator, Corcoran; and (7) R. Rottman, M.D., Corcoran.

Plaintiff alleges the following:

On February 25, 2009, Plaintiff entered the specialty clinic at Corcoran for an appointment with an audiologist. (Compl. at 4.) Plaintiff is deaf; his disability is well-

2

documented in medical records. (Id. at 3.)  At the clinic Defendant Byers perceived that Plaintiff answered a question while Byers' back was turned, concluded that Plaintiff was not in fact deaf, and revoked Plaintiff's "Disabled Persons Placement." (Id. at 3, 4.) Defendant Enenmoh, as the CMO at Corcoran, is responsible for the conduct of Defendant Byers. (Id. at 7.)

Plaintiff filed a medical complaint against Defendant Byers before the end of February, 2009. (Id. at 4.)  On March 27, 2009, Defendant Crum gave an initial response advising that Plaintiff's complaint was being reviewed for sufficiency.  On April 17, 2009, a Health Care Appeals notice informed Plaintiff that his complaint was being treated as a Staff Complaint and that Plaintiff would receive a response before April 21, 2009. Defendant Crum notified Plaintiff on May 28, 2009, that the response date had been moved to June 28, 2009, "due to staffing/workload issues." (Id. at 5.)

After the May notice, Plaintiff was seen by an audiologist who reported that Defendant Byers had requested a retest and "different results." (Id.)  The audiologist refused and stated that his previous tests were consistent with Plaintiff's medical records. (Id.)

On May 31, 2009, Plaintiff requested that the medical appeals department return Plaintiff's original complaint so that Plaintiff could exhaust his administrative remedies.  On June 2, 2009, the appeals office advised that Plaintiff's complaint was still being reviewed. On June 3, 2009, Plaintiff again asked that the complaint be returned and sent this request to Defendant Crum.  An appeals office response, dated June 8, 2009, stated that Plaintiff should receive a response by the end of the week. (Id. at 6.)

On July 14, 2009, not having received a response, Plaintiff filed a general complaint

against the Health Care Appeals Coordinator for violating Plaintiff's due process rights. On July 24, 2009, Defendant Miller partially granted that complaint and advised that a response to the original February, 2009, complaint would be forthcoming as soon as possible. As of August 25, 2009, Plaintiff still had not received a response. (Id. at 7.) If the response is delayed because CMO Enenmoh simply failed to review it, the delay amounts to deliberate indifference on the part of Defendant Enenmoh. (Id.)

Plaintiff alleges that the Defendants violated his Eighth and Fourteenth Amendment rights; he asks the Court to award damages and injunctive relief.[1] Plaintiff also seeks leave to amend the Complaint at a future date so that he may include claims against Defendant Rottman, who allegedly withheld the true results of an M.R.I. in an attempt to avoid treating Plaintiff and save the prison money.[2] (Id. at 8.)

**IV.   ANALYSIS**

    **A.   Section 1983**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,

---

[1] As pled, the Court can not determine whether Plaintiff intended to seek a preliminary injunction. Should Plaintiff seek immediate relief pending the outcome of this action, he must file a motion, separate and apart from any future amended complaint, clearly stating such.

[2] Plaintiff may not include his claims against Defendant Rottman in an amended complaint unless they are related to the claims discussed in this screening order. Fed. R. Civ. P. 18(a). Claims are related when they are based on the same precipitating event, or a series of related events caused by the same precipitating event. Plaintiff must file separate complaints for each unrelated claim against different defendants. Plaintiff is advised that if he chooses to file a second amended complaint, and fails to comply with Rule 18(a), all unrelated claims will be subject to dismissal.

1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B.     Linkage Requirement

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing

5

that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Aside from naming them as Defendants, the Complaint makes no mention of the CDC Director or Warden Allison. A defendant in a § 1983 action must be linked to the alleged violation with some affirmative act or omission. Plaintiff has failed to link these Defendants to any alleged violation; his claims against the Director and Warden are dismissed with leave to amend.

Defendant Enenmoh is mentioned in the body of the Complaint, but the Complaint does not sufficiently link him to any alleged violations. Plaintiff speculates that Enenmoh may be involved in the absence of a response to Plaintiff's February, 2009, complaint. Guessing that a Defendant may be liable is not sufficient. Iqbal, 129 S.Ct. at 1949-50. In order to state a claim, Plaintiff must plead factual allegations sufficient to state a plausible claim for relief. Id. Moreover, the mere fact that Defendant Enenmoh supervised Defendant Byers is not enough. Id. at 1948. Defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The Court will grant Plaintiff leave to amend his complaint in this regard. In order to state a claim, Plaintiff needs to set forth sufficient facts showing that each Defendant personally took some action that violated Plaintiff's constitutional rights.

////

6

### C. Due Process

Plaintiff alleges that he submitted an inmate complaint in February, 2009, regarding Defendant Byers' decision to revoke Plaintiff's status as disabled. Defendants Crum and Miller, Health Care Appeals Coordinators, repeatedly stated that Plaintiff's response was delayed. As of August 25, 2009, just prior to the filing of this action, Plaintiff had still not received a response. Plaintiff alleges that Defendants Crum and Miller's failure to respond violated his due process rights.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

In Mann v. Adams, 855 F.2d 639 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a claim of entitlement to a grievance procedure. 855 F.2d at 640. This was reiterated in Ramirez v. Galarza, 334 F.3d 850 (9th Cir. 2003), when the Ninth Circuit observed that inmates do not have a separate constitutional entitlement to a grievance procedure. 334 F.3d at 860. Thus, the case law is clear that Plaintiff is not entitled, as a matter of federal law, to a grievance procedure.

Plaintiff has a First Amendment right to file prison grievances but does not have a right to any particular response. Johnson v. Subia, 2010 WL 3767732, *2 n. 3 (E.D. Cal.

7

Sept. 22, 2010). "An inmate has no due process rights regarding the proper handling of grievances." Wise v. Washington State Department of Corrections, 244 Fed.Appx. 106, 108 (9th Cir. 2007), cert. denied, 552 U.S. 1282 (2008).

Plaintiff has neither a liberty interest nor a substantive right to the procedures involved in inmate appeals. Plaintiff fails to state a claim in this regard. Because amendment of this claim would be futile, leave to amend will not be granted.

### D.     Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner

must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Defendant Byers' alleged misperception regarding Plaintiff's ability to hear at least implicates the Eighth Amendment's requirement that prisoners be afforded adequate conditions of confinement and medical care. However, there are no factual allegations indicating the decision to remove Plaintiff's disabled persons status posed a substantial risk of harm to Plaintiff's health or safety and that any of the Defendants were deliberately indifferent to the risk.

Plaintiff will be given an opportunity to amend. In order to state a claim, Plaintiff must allege truthful facts demonstrating that (1) the removal of the disabled persons status posed a substantial risk to either Plaintiff's health or safety and (2) a Defendant was deliberately indifferent to that risk. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

**E.     Americans With Disabilities Act**

9

The Court also has considered whether Plaintiff's allegations could be read to allege a violation of the Americans with Disabilities Act (ADA) but concluded they do not state such a claim. Title II of the ADA "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1021 (9th Cir. 2010). To state a claim under Title II of the ADA, the plaintiff must allege: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability. Simmons, 609 F.3d at 1021; McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004). The Ninth Circuit has held that Title II of the ADA permits prisoners to bring actions against state officials in their official capacities, but not in their individual capacities. See Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003) (holding that "Title II's statutory language does not prohibit . . . injunctive action against state officials in their official capacities").

In order to state a cognizable claim, Plaintiff must clearly allege facts demonstrating that he was excluded from a service, program, or activity that he was otherwise qualified

10

to participate in and his disability was the basis of his exclusion.  As discussed above, Plaintiff must also link the named Defendants to the alleged violations.

F.  **State Law Claims**

Plaintiff alleges various state law causes of action against Defendant Byers: "fraud, medical malpractice, [and] practicing without a license . . . ." (Compl. at 4.)  The Court does not reach the viability of Plaintiff's state law claims at this time because the Court will not exercise supplemental jurisdiction over state law claims unless Plaintiff is able to state a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

If Plaintiff chooses to pursue his state law claims in his amended complaint, he must demonstrate compliance with the California Tort Claims Act.  Under the California Tort Claims Act (CTCA), a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action.  See Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  A plaintiff may file a written application for leave to file a late claim up to one year after the cause of action accrues. Cal. Gov't Code § 911.4.  The purpose of CTCA's presentation requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation."  City of San Jose v. Superior Court, 525 P.2d 701, 706 (1974).  Thus, in pleading a state law claim, plaintiff must allege facts demonstrating that he has complied with CTCA's presentation requirement.  State of California v. Superior Court (Bodde), 90 P.3d 116, 119 (2004).  Failure to demonstrate compliance constitutes a failure

11

to state a cause of action and will result in the dismissal of Plaintiff's state law claims. Id.

## V.  CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as

true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed September 2, 2009;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   May 24, 2012                   /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE