UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE RAY O'NEAL, JR., | CASE NO. 1:09-cv-01552-MJS (PC) |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 21) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendants. | |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

On September 2, 2009, Plaintiff Donnie Ray O'Neal, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 6.)

On May 24, 2012, Plaintiff's Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim. (ECF No. 17.) Plaintiff's First Amended Complaint (ECF No. 21) is now before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF FIRST AMENDED COMPLAINT

The First Amended Complaint names the following individuals as Defendants: (1) Timothy Byers, Physicians Assistant, California Substance Abuse Treatment Facility and State Prison at Corcoran (CSATF/SP); (2) A. Enenmoh, Chief Medical Officer (CMO), CSATF/SP; (3) G. Miller, Health Care Appeals Coordinator (HCAC), CSATF/SP; (4) S. Umi, HCAC, CSATF/SP; (5) K. Allison, Warden, CSATF/SP; and (6) Director, California Department of Corrections (CDC).

2

Plaintiff alleges the following:

On February 25, 2009, Defendant Byers falsified Plaintiff's medical records by removing Plaintiff's disability status. Policy at CSATF/SP dictates that guards responding to an emergency situation adopt special procedures when treating or responding to disabled inmates. Absent a "disabled" status, guards will expect Plaintiff to conduct himself as a regular inmate and Plaintiff is not capable of doing so. This puts him at risk for alleged failure to comply . Defendant Byers acted in deliberate indifference to that risk when he falsified Plaintiff's medical records. (Compl. at 3.)

Plaintiff filed a complaint with Defendant Allison's office on February 29, 2009. Allison was deliberately indifferent to the risk to Plaintiff's safety as she knows CSATF/SP policy and the danger a disabled inmate could face without being identified as disabled. (Id.) Defendants G. Miller and S. Umi, as the HCACs, exhibited deliberate indifference and violated Plaintiff's due process rights by "'rubber stamping'" Plaintiff's complaint. (Id.) Defendant Enenmoh ignored Plaintiff's complaint for several weeks as it sat on his desk awaiting his review and signature. Enenmoh's disregard of Plaintiff's complaint demonstrates deliberate indifference to the risk of harm faced by Plaintiff. (Id.) The Director of the CDCR exhibited deliberate indifference by permitting his designee to let Plaintiff's complaint go unanswered. (Id. at 4.)

After Plaintiff filed his civil rights action with this court, Defendant Enenmoh began retaliating against Plaintiff by refusing to renew various medical accommodations prescribed for Plaintiff by a gastrointestinal specialist. Plaintiff was denied pain management, a lower bunk, unlimited toilet flushes, and a special diet. (Id.)

Plaintiff alleges violations of his Eighth, Fourteenth, and First Amendment rights.

## IV. ANALYSIS

### A. Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

The First Amended Complaint is fatally vague and states no cognizable claims for relief. There are indications Plaintiff may have mistakenly believed the amended complaint could simply supplement his original complaint. Plaintiff refers to attachments that were provided only in the initial complaint. It appears Plaintiff may have attempted to simply add language addressing the deficiencies in his original complaint without realleging all the pertinent facts.

4

The previous screening order included the following instruction:

> Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. (ECF No. 17 at 12.)

Plaintiff apparently failed to heed this instruction. The Court will grant Plaintiff one final opportunity to submit a proper amended complaint. The following sections will provide the applicable legal standards and analysis using only those factual allegations provided.

**B.   Due Process**

Plaintiff alleges that Defendants Miller and Umi violated Plaintiff's due process rights by "'rubber stamping'" Plaintiff's complaint. (Compl. at 3.)

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

In Mann v. Adams, 855 F.2d 639 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a claim of entitlement to a grievance procedure. 855 F.2d at 640. This was reiterated in Ramirez v. Galarza, 334 F.3d 850 (9th Cir. 2003), when the Ninth

Circuit observed that inmates do not have a separate constitutional entitlement to a grievance procedure. 334 F.3d at 860. Thus, the case law is clear that Plaintiff is not entitled, as a matter of federal law, to a grievance procedure.

Plaintiff has a First Amendment right to file prison grievances but does not have a right to any particular response. Johnson v. Subia, 2010 WL 3767732, *2 n. 3 (E.D. Cal. Sept. 22, 2010). "An inmate has no due process rights regarding the proper handling of grievances." Wise v. Washington State Department of Corrections, 244 Fed.Appx. 106, 108 (9th Cir. 2007), cert. denied, 552 U.S. 1282 (2008).

The Court's previous screening order instructed Plaintiff that he has neither a liberty interest nor a substantive right to the procedures involved in inmate appeals. Plaintiff again fails to state a claim in this regard. Because Plaintiff previously was advised of the need to comply with the applicable legal standard in this regard and was unable to do so, no useful purpose would be served in advising him again and giving him yet another opportunity to try to comply. Leave to amend will not be granted.

**C.   Eighth Amendment**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or

contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff alleges that Defendant Byers created a substantial risk of harm when he falsely altered Plaintiff's medical records by removing the disability status and characterizing him as an able-bodied inmate expected to act as such. Plaintiff alleges that because he is disabled but not designated so, he is at risk because officers could interpret his inability to comply with commands as a knowing refusal to obey orders. (Compl. at 3, 4.)

These allegations describe an abstract risk of harm, but Plaintiff does not include sufficient facts to indicate that that risk might apply to him. The amended complaint contains no description of the nature of Plaintiff's disability and how that disability might limit his ability to comply with prison officials' directives. In order to state a cognizable

7

claim, Plaintiff must identify something more than a purely theoretical risk of harm to his safety.

Plaintiff has also failed to adequately allege that any of the Defendants actually knew of, much less exhibited deliberate indifference to, his needs or this alleged risk to him. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). In the amended complaint, Plaintiff must fully explain how each Defendant was actually aware of the risk of harm to Plaintiff and how exactly they disregarded that risk.

Plaintiff is reminded that he must supply sufficient factual allegations to link each Defendant as a personal participant to the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff will be given one final opportunity to amend. In order to state a claim, Plaintiff must allege truthful facts demonstrating that (1) the removal of the disabled persons status posed a substantial risk to either Plaintiff's health or safety and (2) a Defendant was deliberately indifferent to that risk.

### D.   **Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff alleges that (1) Defendant Enenmoh denied Plaintiff prescribed medical accommodations (2) because (3) Plaintiff filed this civil rights action complaining, in part, about Enenmoh's conduct. Plaintiff further alleges that denial of necessary medical accommodations (4) chilled Plaintiff's exercise of his First Amendment rights and (5) did not reasonably advance a legitimate correctional goal. (Compl. at 4.)

Plaintiff alleges that Enenmoh denied medical accommodations after Plaintiff exercised his right to file this civil rights action. (Id. at 4.) Plaintiff has satisfied the third element of his retaliation claim; filing a civil rights claim is a First Amendment protected activity. Rhodes, 408 F.3d at 567.

Plaintiff alleges that being deprived of prescribed medical accommodations "caus[ed] him to suffer in pain, and stress over his liveing [sic] conditions . . . ." (Compl.

9

at 4.) These allegations are sufficient to satisfy the first and fourth elements of Plaintiff's retaliation claim. See Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006) (adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity); Rhodes, 408 F.3d at 568, n. 11 (Plaintiff need not explicitly allege a chilling effect, "allegations that he suffered harm would suffice, since harm that is more than minimal will almost always have a chilling effect.").

The fifth prong requires a prisoner to allege that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. This is not a high burden to reach. See id. (prisoner's allegations that search was arbitrary and capricious sufficient to satisfy this inquiry). The First Amended Complaint alleges that Enenmoh's actions served no purpose other than to punish Plaintiff for filing his claims. (Compl. at 4.) Thus, the Court finds that Plaintiff has satisfied the fifth element of his retaliation claim.

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim, 584 F.3d at 1271. A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

Plaintiff alleges that Defendant Enenmoh engaged in retaliatory acts because Plaintiff filed this legal action. Plaintiff does not explain how Defendant Enenmoh knew about the claim, when the adverse actions occurred in relation to filing the claim, or any statements made by Enenmoh regarding the claim. Circumstantial evidence may be sufficient to satisfy the causation element, but in this case Plaintiff has not provided enough facts to identify Plaintiff's protected conduct as the motivating factor behind the adverse acts. See Watison, 668 F.3d at 1115 (causation satisfied with evidence that adverse actions occurred shortly after plaintiff filed inmate grievance of which defendant was actually aware). Plaintiff's conclusion that Enenmoh was motivated by Plaintiff's protected activity is not sufficient.

Plaintiff has satisfied all the elements of his retaliation claim except causation. The Court will grant leave to amend. In order to state a cognizable claim, Plaintiff must allege facts demonstrating that the protected activity motivated Defendant to commit the adverse acts. Plaintiff must also reallege the facts necessary to satisfy the remaining elements of his retaliation claim.

## V. CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff one final opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally

participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux, 375 F.2d at 57. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his First Amended Complaint, filed July 18, 2012;

2.      Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.      Plaintiff shall file an amended complaint within thirty (30) days; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this

action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   July 31, 2012                    /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE