1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DONNIE RAY O'NEAL, JR.,

             Plaintiff,

    v.

CALIFORNIA   DEPARTMENT   OF
CORRECTIONS, et al.,

             Defendants.

_____/

CASE NO.   1:09-cv-01552-MJS (PC)

ORDER DISMISSING PLAINTIFF'S SECOND
AMENDED COMPLAINT FOR FAILURE TO
STATE A COGNIZABLE CLAIM

(ECF No. 26)

CLERK SHALL CLOSE THE CASE

## SCREENING ORDER

### I.   PROCEDURAL HISTORY

On September 2, 2009, Plaintiff Donnie Ray O'Neal, Jr., a state prisoner proceeding

pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.

(ECF No. 1.)  Plaintiff consented to Magistrate Judge jurisdiction.  (ECF No. 6.)

Plaintiff's Complaint (ECF No. 1) and First Amended Complaint (ECF No. 21) were

screened and dismissed, with leave to amend, on May 24, 2012 and August 1, 2012,

respectively, for failure to state a cognizable claim.  (ECF Nos. 17, 23.)  Plaintiff's Second

1

Amended Complaint (ECF No. 26) is now before the Court for screening.

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.   SUMMARY OF SECOND AMENDED COMPLAINT

The Second Amended Complaint names the following individuals as Defendants: (1) Timothy Byers, Physicians Assistant, California Substance Abuse Treatment Facility and State Prison at Corcoran (Corcoran); (2) A. Enenmoh, Chief Medical Officer (CMO), Corcoran; (3) K. Allison, Warden, Corcoran; and (4) Director, California Department of Corrections and Rehabilitation (CDCR).

2

Plaintiff alleges the following:

On February 25, 2009, Defendant Byers altered Plaintiff's medical status from "'deaf', to, 'hearing impaired, correctable to a functioning level w[ith] hearing aids.'" (Compl. at 3.)  Correctional Officers at Corcoran respond to emergencies with various expectations of disabled and non-disabled prisoners.  Plaintiff's hearing impairment is not correctable; Defendant Byers falsely changed Plaintiff's designation.  Byers acted with deliberate indifference to the risk that Plaintiff is not capable of acting as an inmate with functional hearing.  Plaintiff challenged Byers' decision by filling an inmate appeal with the Warden's office.  Allison was deliberately indifferent to the risk to Plaintiff's safety as she knows Corcoran policy and the danger a disabled inmate could face without being identified as disabled.  (Id.)

Defendant Enenmoh was also responsible for reviewing Plaintiff's appeal.  Enenmoh allowed Plaintiff's appeal to sit on his desk awaiting final review "for a long period of time," in deliberate indifference to the risk of harm to Plaintiff.  (Id.)

Plaintiff has at least one incurable medical condition that requires pain management, antibiotics, and a special diet.  (Id. at 5.)  On November 30, 2009, Enenmoh ordered Plaintiff's medical treatment discontinued prior to its prescribed expiration.  By this time Plaintiff had filed the instant civil action and Plaintiff's inmate appeal was still "sitting on [Enenmoh's] desk, awaiting his final review . . . ." (Id. at 4.)  Plaintiff's medication was discontinued in retaliation for Plaintiff having filed this civil action complaining, in part, of Enenmoh's conduct.  On February 9, 2010, Plaintiff filed a notice of his pending civil action against the Defendants with the legal affairs division at Corcoran.  (Id.)

On August 12, 2012, Plaintiff awoke sweating, with chest pain, cramps, and

3

shortness of breath.   He was transported to the medical clinic where preliminary examinations found that Plaintiff's blood pressure and heart rate were abnormally high. An EKG discovered an irregular heart rhythm.  The attending nurse related this information to a doctor, who put Plaintiff on the medical queue to see a physician later in the week. No treatment was immediately provided.  The nurse told a guard that a patient with these symptoms outside of prison would have been admitted for observation.   Plaintiff was denied medical treatment in retaliation for filling the instant complaint.  (Id.)

IV.   **ANALYSIS**

    A.   **Section 1983**

    To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

    A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and,  while  factual  allegations  are  accepted  as  true,  legal

4

conclusions are not.  Id. at 1949-50.

### B.    Linkage Requirement

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978).  Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 129 S.Ct. at 1948.  Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions.  Id. at 1948.  In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

The Complaint makes no mention of the CDCR Director after naming him as a Defendant.  A defendant in a § 1983 action must be linked to the alleged violation with some affirmative act or omission.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff was previously notified of this specific pleading deficiency and given an opportunity to amend, yet has failed to allege facts linking the CDCR Director to any alleged violation.

Plaintiff's claims against the Director are dismissed with prejudice.

**C.   Eighth Amendment**

1.   Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.

6

1998).

Plaintiff alleges that Defendant Byers falsely altered Plaintiff's medical records by categorizing Plaintiff's ability to hear as functional with a hearing aid when in fact Plaintiff is completely deaf.  Byers allegedly acted in knowing disregard of the risk that Corcoran officials may perceive Plaintiff's inability to hear commands as a knowing refusal to obey orders.  (Compl. at 3.)

Assuming that Plaintiff has identified a sufficiently serious risk of harm, his claim against Defendant Byers nevertheless fails because the allegations describing deliberate indifference are mere conclusions or supposition unsupported by factual allegations.  The Court is not required to accept legal conclusions as true.  Iqbal, 129 S.Ct. at 1949.  Plaintiff does not describe the circumstances leading up to Byers' decision or provide any factual allegations that would support the conclusion that Byers knowingly inserted false information creating a risk of harm.  Mere conclusory statements do not suffice to state a claim.  Id.

Plaintiff's claims against Defendants Allison and Enenmoh are similarly deficient. Plaintiff alleges that he filed an inmate appeal with Defendant Allison's office and she took no action in deliberate indifference to the risk of harm faced by Plaintiff.  (Compl. at 3.)  He also contends that Enenmoh disregarded Plaintiff's appeal for a long time.  (Id.)

"Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the

1    official has not violated the Eighth Amendment, no matter how severe the risk.'" Id.

2    (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

3        Plaintiff does not allege the Defendant Allison was actually aware of the serious risk

4    of harm, only that Plaintiff submitted an appeal to her office and no action was taken.

5    Plaintiff's claim against Defendant Enenmoh is that he failed to review the appeal; this

6    allegation effectively concedes  Enenmoh's lack of awareness of Plaintiff's plight.  Plaintiff

7    has failed to establish that either Defendant was actually aware of a serious risk of harm

8    to Plaintiff and thus does not state a cognizable claim.

9        The Court's previous screening order gave Plaintiff leave to amend and instructed

10   him as to the need to fully explain how each Defendant was actually aware of the risk of

11   harm to Plaintiff and how each disregarded that risk.  Plaintiff's twice-amended pleading

12   remains deficient in demonstrating a violation of his Eighth Amendment rights.  The fact

13   that he has been unable successfully to amend after being advised of the necessity of

14   doing so and of what is needed to state a cognizable claim is reason to conclude he can

15   not successfully amend.  Thus, no useful purpose would be served in once again advising

16   him of the applicable standard and giving him further leave to amend.

17               2.    Inadequate Medical Care

18       Plaintiff does not explicitly allege a violation of his right to adequate medical care.

19   However, the allegations that Enenmoh prematurely discontinued prescribed medical

20   treatment and that a John Doe Doctor sent Plaintiff to the doctors' line rather than admitting

21   Plaintiff to the clinic suggest the possibility of inadequate medical care claims.  However,

22   for the reasons stated below, Plaintiff does not state a cognizable claim.

23       Plaintiff alleges that Enenmoh cut off Plaintiff's medical treatment prematurely.

There are no factual allegations describing the context of Enenmoh's decision and Plaintiff is vague when describing his medical needs.  As pled, the Court can not determine that Enenmoh "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837.  Enenmoh may have been negligent, even grossly negligent, but medical malpractice is not sufficient to satisfy deliberate indifference.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Likewise, Plaintiff's allegations against the Doe Doctor do not demonstrate that he disregarded a known risk.  The Doctor assessed Plaintiff's condition and determined that hospitalization was not necessary.  The fact that the attending nurse disagreed is not sufficient to state a claim.  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) ("a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.") (internal citation omitted).  The fact that Plaintiff disagrees with the medical choices made by the Defendants does not mean they acted with deliberate indifference.  The Court has twice before instructed Plaintiff on the deliberate indifference standard and the inadequacy of conclusory pleading.  No useful purpose would be served by granting further leave to amend.

### D.    Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's

protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff alleges that (1) Defendant Enenmoh denied Plaintiff prescribed medical accommodations and a Doe Doctor declined to hospitalize Plaintiff (2) because (3) Plaintiff filed this civil rights action complaining, in part, about Enenmoh's conduct.  Plaintiff further alleges that denial of necessary medical accommodations (4) chilled Plaintiff's exercise of his First Amendment rights and (5) did not reasonably advance a legitimate correctional goal.  (Compl. at 4.)

Plaintiff alleges that Defendants Enenmoh and the Doctor denied medical accommodations after Plaintiff exercised his right to file this civil rights action. (Id.) Plaintiff has satisfied the third element of his retaliation claim; filing a civil rights claim is a First Amendment protected activity. Rhodes, 408 F.3d at 567.

Plaintiff alleges that being deprived of prescribed medical accommodations caused him to suffer chronic pain and mental stress such that he is unable to function normally on a daily basis.  Plaintiff also alleges that the delayed medical treatment created an increased risk to his health.  (Compl. at 4.)  These allegations are sufficient to satisfy the first and fourth elements of Plaintiff's retaliation claim.  See Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006) (adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity); Rhodes, 408 F.3d at 568, n. 11 (Plaintiff need not explicitly allege a chilling effect, "allegations that he suffered harm would

suffice, since harm that is more than minimal will almost always have a chilling effect.").

The fifth prong requires a prisoner to allege that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. This is not a high burden to reach. See id. (prisoner's allegations that search was arbitrary and capricious sufficient to satisfy this inquiry). The amended complaint alleges that the Defendants' actions served no purpose other than to punish Plaintiff for filing his claims. (Compl. at 4.) Thus, the Court finds that Plaintiff has satisfied the fifth element of his retaliation claim.

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim, 584 F.3d at 1271. A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

Plaintiff alleges that Defendants Enenmoh and a John Doe Doctor engaged in retaliatory acts because Plaintiff filed this legal action. This action was filed on September 2, 2009. Defendant Enenmoh ordered Plaintiff's treatment discontinued on November 30, 2009. None of the Defendants have appeared in this case and the Court has not ordered service. Plaintiff does not allege that he told Enenmoh of this action. Plaintiff has failed

11

to allege that Enenmoh was aware of this claim prior to his alleged adverse act. Circumstantial evidence may be sufficient to satisfy the causation element, but in this case Plaintiff has not explained how his protected conduct was the motivating factor behind Enenmoh's adverse act. See Watison, 668 F.3d at 1115 (causation satisfied with evidence that adverse actions occurred shortly after plaintiff filed inmate grievance of which defendant was actually aware).  Based on the facts alleged Plaintiff's inmate appeal likewise could not have motivated Enenmoh because Plaintiff concedes that his appeal remained unreviewed by Enenmoh when his treatment was discontinued.  (Compl. at 4.)

Plaintiff notified Corcoran's legal affairs department of his claim on February 9, 2010. John Doe Doctor sent Plaintiff to the doctors' line rather than immediately admitting him on August 12, 2012.  However, the Doctor was not named in Plaintiff's civil action and the amended complaint contains no facts explaining why Plaintiff believes the Doctor was motivated by Plaintiff's exercise of protected rights.

Plaintiff has satisfied all the elements of his retaliation claim except causation.  The Court's previous screening order identified causation as the missing element in the First Amendment Complaint.  Plaintiff was provided with the applicable legal standard and an opportunity to amend.  The amendment does not address the deficiency.  Under the circumstances, further leave to amend would be pointless.

V.    **CONCLUSION AND ORDER**

For the reasons stated above, the Court finds that Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted and that leave to amend would be futile. See Noll v. Carson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Accordingly, Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE for failure to

12

1   state a claim.  The Clerk shall close the case.

2

3   IT IS SO ORDERED.

4

5   Dated:     September 25, 2012          /s/ *Michael J. Seng*

6                                  UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27