1
2
3
4
5
6
7                UNITED STATES DISTRICT COURT

8                  EASTERN DISTRICT OF CALIFORNIA

9

10

11   DONNIE RAY O'NEAL, JR.,                CASE No. 1:09-cv-01552-MJS (PC)

12                                          ORDER DENYING PLAINTIFF'S MOTION
                       Plaintiff,           FOR RECONSIDERATION OF ORDER
                                            DISMISSING SECOND AMENDED
13        v.                                COMPLAINT WITH PREJUDICE AND
                                            JUDGMENT ENTERED THEREON
14
     CALIFORNIA DEPARTMENT OF               (ECF No. 29)
15   CORRECTIONS, et al.,

16
                       Defendants.
17
     _____/
18

19   I.   **PROCEDURAL HISTORY**

20        Plaintiff Donnie Ray O'Neal, Jr. is a state prisoner proceeding pro se and in

21   forma pauperis in this civil rights action filed on September 2, 2009 pursuant to 42

22   U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff consented to Magistrate Judge

23   jurisdiction. (Consent, ECF No. 6.)

24        Plaintiff's Complaint and First Amended Complaint were screened and

25   dismissed, with leave to amend, for failure to state a claim. (Orders Dismiss., ECF Nos.

26   17, 23.) On September 25, 2012, Plaintiff's Second Amended Complaint (Second Am.

27   Compl., ECF No. 26) was screened and dismissed with prejudice for failure to state a

28   claim (Order Dismiss., ECF No. 27), Judgment was entered thereon (J. on Order, ECF

                                        -1-

No. 28), and the case was closed.

Plaintiff has filed a motion for reconsideration of the September 25, 2012 Order and Judgment. (Mot. Recons., ECF No. 29.) That motion is now before the Court.[1]

## II.   SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff is incarcerated at California Substance Abuse and Treatment Facility at Corcoran, California ("CSATF"). (Second Am. Compl. at 1.) He has medical conditions that require pain management, antibiotics, and a special diet. (Id. at 5.) He alleges that on February 25, 2009, Defendant Physician's Assistant Byers was deliberately indifferent in falsifying Plaintiff's medical records from "deaf", to "hearing impaired." (Id. at 3.)

Plaintiff challenged Byers' decision by filing a February 29, 2009 inmate complaint with the CSATF Warden's office. Defendants Warden Allison and Dr. Enenmoh, who each had responsibility for reviewing the inmate complaint were deliberately indifferent by failing to take action thereon to provide for his safety. (Id.)

On November 30, 2009, while Plaintiff's complaint was still "sitting on [Defendant Enenmoh's] desk, awaiting his final review . . . ." (Id. at 4), Defendant Enenmoh retaliated for the inmate complaint and the instant civil rights action filed September 2, 2009, by ordering that certain of Plaintiff's medical treatments be discontinued. (Id. at 4.)

On August 12, 2012, Plaintiff awoke sweating, with chest pain, cramps, and shortness of breath. He was transported to the medical clinic where preliminary examinations found that Plaintiff's blood pressure and heart rate were abnormally high. An EKG discovered an irregular heart rhythm. The attending nurse related this information to an unnamed doctor, who retaliated for filing of the instant action by not providing immediate treatment. The nurse told a guard that a patient with these

---

[1] On October 24, 2012, Plaintiff filed a Notice of Appeal of the Court's dismissal of this action. (Notice, ECF No. 30.) The appeal is being held in abeyance pending resolution of the instant Motion for Reconsideration. (Order of U.S.C.A., ECF No. 33.)

symptoms outside of prison would have been admitted for observation. Plaintiff was again denied medical treatment in retaliation for filling the instant action. (Id.)

Plaintiff's Second Amended Complaint names as Defendants: (1) Timothy Byers, CSATF Physician's Assistant; (2) A. Enenmoh, CSATF Chief Medical Officer (CMO); (3) K. Allison, CSATF Warden; and (4) Director, California Department of Corrections and Rehabilitation (CDCR).

**III.   LEGAL STANDARD**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. In seeking reconsideration of an order, Local Rule 230(j) requires a party to identify the motion or order in issue and when it was made, and show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009), and "[a] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation . . ." of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

**IV.   ARGUMENT**

Plaintiff argues the Court wrongly dismissed his Second Amended Complaint for failure to allege facts showing deliberate indifference and retaliation. (Mot. Recons. at 1:12-2:12.)

-3-

He argues the Second Amended Complaint contains facts sufficient to link Defendants to a cognizable Eighth Amendment indifference claim because Defendants delayed or failed to respond to his inmate complaint and prevented him from exhausting administrative remedies. (Id.) The Court then wrongly dismissed his indifference claim for failure to exhaust administrative remedies. (Id. at 3-12.) He "believes" that his Second Amended Complaint alleges the Defendant CDCR Director's refusal to respond to his Director's Level Appeal is sufficient to show exhaustion and denial of due process. (Id.)

He also argues the Court erred in failing to attribute a February 9, 2010 internal CDCR liability notification ("Liability Awareness Notice") to Defendant Enenmoh. (Id.)[2] This error, according to Plaintiff caused the Court incorrectly to conclude Defendant Enenmoh was unaware of Plaintiff's grievance and civil rights filings on November 30, 2009, when Dr. Enenmoh allegedly took the adverse action of discontinuing medical treatment. The Court then wrongly concluded the causation necessary to support Plaintiff's retaliation claim was lacking and so it erroneously dismissed the retaliation claim. Plaintiff argues that regardless of who filed the Liability Awareness Notice, its mere existence shows Defendants were aware of his inmate complaint and this action and supports his claim that they retaliated against him for these protected acts.

Furthermore he "believes" his Second Amended Complaint alleges that he informed the Defendants of the instant action on several occasions (Id. at 1:24-27) so as to show causation in support of his retaliation claim.

## V.    ANALYSIS

Plaintiff's Motion for Reconsideration of the September 25, 2012 Order shall be denied.

///////

_____

[2] He points out the Court, in its order dismissing the Second Amended Complaint attributed the Liability Awareness Notice filing to Plaintiff when in fact Defendant(s) filed the Notice. (Mot. Recons. at 1:14-18.)

### A.     Deliberate Indifference

Plaintiff believes his Second Amended Complaint sufficiently alleges improper handling of his related inmate complaint which prevented him from exhausting his administrative remedies and denied him due process,[3] leaving the Court's dismissal of his deliberate indifference claim in error.

This argument lacks merit. The Court dismissed Plaintiff's deliberate indifference claim not for failure to exhaust administrative remedies, but for failure to allege facts suggesting named Defendants' knowing indifference to a serious risk of harm. (Order Dismiss. Second Am. Compl. at 6:4-9:18.)

Plaintiff's motion merely re-hashes points already considered by the Court in its September 25, 2012 Order. It does not controvert findings and determinations therein. Plaintiff cites to no error, newly discovered evidence, or other grounds supporting reconsideration

### B.     Retaliation

Plaintiff correctly notes the Court's Order Dismissing the Second Amended Complaint inadvertently attributed the Liability Awareness Notice to Plaintiff. In fact, the Liability Awareness Notice was prepared by the CDCR Inmate Appeals Branch and filed with the CDCR Legal Affairs Division. (Mot. Recons. at 3.)

Regardless, the misattribution is of no consequence; error in connection with it, if any, is harmless. (Fed. R. Civ. P. 61). The Liability Awareness Notice was not from or to any of the named Defendants in this action. The prison grievance and disability accommodation documents appended with the Liability Awareness Notice cover-sheet all post-date the alleged November 30, 2009 adverse action. As such the Liability Awareness Notice and appended documents cannot be said to have been the cause of something that predated them. Nothing in the Liability Awareness Notice and appended

___

[3] Plaintiff's Second Amended Complaint does not allege a Due Process Clause violation. Plaintiff has no independently enforceable Fourteenth Amendment right to the prison grievance process. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Ramirez v. Galarza, 334 F.3d 850, 860 (9th Cir. 2003).

1
2
3
documents suggests Defendant Enenmoh was aware of or chargeable with notice of Plaintiff's inmate complaint and the instant civil rights action when he allegedly took adverse action on November 30, 2009.[4]

4
5
6
7
8
Plaintiff's further argument is no more availing. His stated belief as to the nature of the contents of the Second Amended Complaint is inconsistent with its actual contents. He describes no other error, newly discovered evidence, or other grounds for reconsideration. He re-asserts points already considered by the Court in its September 25, 2012 Order, and fails to controvert the findings and determinations therein.

9
**VI.** **CONCLUSIONS AND ORDER**

10
11
12
Plaintiff has not met the burden imposed upon a party moving for reconsideration. Marlyn Nutraceuticals, Inc., 571 F.3d at 880. He has not shown clear error or other meritorious grounds for relief from the September 25, 2012 Order and Judgment thereon.

13
14
15
Accordingly, for the foregoing reasons, it is hereby ordered that Plaintiff's Motion for Reconsideration of the September 25, 2012 Order Dismissing Second Amended Complaint with Prejudice and Judgment entered thereon (ECF No. 29), is DENIED.

16
17
18
19
20
IT IS SO ORDERED.

21
Dated:    November 27, 2012         /s/ _Michael J. Seng_
                                    UNITED STATES MAGISTRATE JUDGE

22
23
24
25
26
27
28

---

[4] Plaintiff's claim of retaliation occurring August 12, 2012, post-dating the Liability Awareness Notice (Second Am. Compl. at 3-14), is not directed at any Defendants named in the Second Amended Complaint. (See Order Dismiss. Second Am. Compl. at 12:12-15.)